[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTIONS TO CLARIFY AND MODIFY DATED JULY 14, 1994(NOS. 169 AND 169.50)
This post-judgment proceeding comes to this court a second time, upon the submission of briefs and exhibits. The factual and procedural backdrop relevant to the issue here presented is as follows:
A decree of dissolution entered April 12, 1994, in which the plaintiff husband was ordered to pay, as additional periodic alimony, the premiums for the defendant's health, medical and dental insurance coverage (with a $750 deductible) under a group policy available through his employment. The parties introduced evidence that the monthly premium for the continuation of such coverage under COBRA[1] and other applicable law; see General Statutes § 38a-538; would be $277 per month. The parties later learned that neither COBRA nor analogous state law were applicable to the husband's group health insurance policy, and that therefore, the wife could not be continued as an insured under said policy. Nor did the policy provide for a conversion option at the end of the statutory coverage period. It is apparent that the parties were acting under a mutual mistake of fact at the time of the trial and original decree.
At the first hearing held by the court on these motions, the court entered interim orders with respect to the defendant's health insurance and suggested that the parties jointly attempt to compel the plaintiff's carrier to provide continuation of such insurance. They made some attempts to do so, but abandoned that effort.
They have now returned to court, submitted current financial affidavits, and filed memoranda with supporting exhibits. The court observes from the defendant's affidavit CT Page 9446 that she remains unemployed, and that her only income is the alimony award ordered by this court. There was no evidence of any attempt by her to exploit her earning capacity. The plaintiff's gross annual income has appeared to have declined since the date of the decree. However, it is uncertain from a view of his financial affidavit, whether he expects to or anticipates the receipt of bonuses from his employment or distributions from his trusts, or whether such have been declared, but not yet paid, as in the past. Both parties claim to be operating at a weekly shortfall of expenses over income.
The monthly premiums now required to cover the defendant until her 55th birthday would range from $502.07 ($2,000 deductible) to $719.97 (500 deductible) under the only other reasonably comparable health insurance policy now available to the defendant. The coverage afforded under this policy is narrower than the plaintiff's group policy; for example, it does not include dental coverage and requires copayments[2] for each service. When the defendant attains age 55, the monthly premiums with the same deductibles $2,000 and $500) would range from $603.66 to $798.
I conclude that the mutual mistake of the parties and; the consequent unavailability of the plaintiff's employment related group health insurance policy to the defendant at the cost of $277 per month has resulted in a substantial change of circumstances. This is especially so when the only comparable health insurance coverage (excluding dental) now available to the defendant, considering her age and pre-existing medical conditions, would cost from $2,704 to $3,912 per year more (depending on the deductible) in her present age bracket. Moreover, the specific provision in the court's decree, that is, the order that the plaintiff provide and pay for such continued, comparable coverage, is now impractical, if not impossible, to perform. Therefore, it would be unjust or inequitable to hold either party to it.
As the threshold conditions have been met to consider a modification of the order relating to health insurance, I now turn to the determination of whether such order should be modified.
"In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony. They have chiefly to do CT Page 9447 with the needs and financial resources of the parties."Borkowski v. Borkowski, 228 Conn. 729, 736 (1994), quoting fromSanchione v. Sanchione, 173 Conn. 397, 401-402 (1977).
The court, has again considered the arguments of the parties and the criteria embodied in General Statutes § 46b-82 and the awards previously entered under § 46b-81 in modifying the order of additional alimony as set forth below. I have also considered the taxable implications and consequences of said order. Accordingly, the plaintiff's motion to modify is granted. The motion to clarify is denied.
It is therefore ordered that the plaintiff pay to the defendant, as additional periodic alimony, subject to the same provisions as to taxability and termination as in the original decree, the sum of $115 per week. The defendant shall be obligated to provide her own health insurance and pay the deductible and copayments thereunder. The order that the plaintiff is obligated to pay the defendant's health insurance premiums is vacated. Any increase in premiums for such insurance coverage caused by the defendant's entrance into older age brackets shall not be deemed to be a substantial change in circumstances.
Teller, J.